T.C. Memo. 2000-97


UNITED STATES TAX COURT


XAVIER J.R. AND SULOCHANA D. AVULA, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8084-98.                    Filed March 21, 2000.


Xavier J.R. Avula, pro se.

<u>John E. Budde</u> and <u>John A. Freeman</u>, for respondent.


MEMORANDUM OPINION


CHIECHI, <u>Judge</u>:  Respondent determined the following defi-
ciencies in, additions to, and accuracy-related penalties on
petitioners' Federal income tax (tax) for the years 1991 through
1995:

| Year | Deficiency | Additions to Tax | | Accuracy-related Penalty |
| | | Sec. 6651(a)(1)[1] | Sec. 6654(a) | Sec. 6662 |
| --- | --- | --- | --- | --- |
| 1991 | $6,451 | $573.22 | $94.66 | $1,269.20 |
| 1992 | 3,965 | 418.10 | 42.37 | 793.00 |
| 1993 | 5,693 | 744.22 | 87.69 | 1,105.60 |
| 1994 | 19,283 | 4,024.75 | 797.35 | 3,856.60 |
| 1995 | 3,760 | -- | -- | 752.00 |

The only issue remaining for decision is whether petitioners are entitled to deduct for 1993, 1994, and 1995 certain claimed S corporation losses.[2]

## Background

Some of the facts have been stipulated and are so found.

Petitioners resided in Rolla, Missouri, when they filed the petition in this case.

During the years at issue, petitioner Xavier J.R. Avula (Mr. Avula) was employed at the campus of the University of Missouri located in Rolla, Missouri. During those years, petitioner

---

[1]All section references are to the Internal Revenue Code in effect for the years at issue. All Rules references are to the Tax Court Rules of Practice and Procedure.

[2]In the parties' stipulation of facts and first supplemental stipulation of facts, petitioners conceded certain determinations in the notice of deficiency (notice). At the commencement of the trial in this case, petitioner Xavier J.R. Avula informed the Court that the only issue remaining for decision in this case relates to the claimed S corporation losses. Petitioners pre-sented no evidence and make no argument about, and do not other-wise dispute, the remaining determinations in the notice that have not been conceded by them in the parties' stipulation of facts and supplemental stipulation of facts. We conclude that, except for the additions to tax determined under sec. 6654(a), petitioners have abandoned contesting those other determinations. See Rybak v. Commissioner, 91 T.C. 524, 566 n.19 (1988). As to the additions to tax determined under sec. 6654(a), this Court has no jurisdiction over such determinations. See sec. 6665(b)(2).

Sulochana D. Avula (Ms. Avula) was employed as a technician at a pharmacy.

In October 1989, the State of Missouri authorized International Academy of Mathematical and Computer Modelling, Inc., to conduct business as a not-for-profit corporation. Petitioners own 100 percent of the stock of that corporation. Effective January 1, 1991, the State of Missouri canceled the corporate license of the International Academy of Mathematical and Computer Modelling, Inc., because the corporation failed to file a correct annual report with the secretary of state of Missouri. In May 1999, petitioners contacted the State of Missouri about the International Academy of Mathematical and Computer Modelling, Inc. On July 15, 1999, the International Academy of Mathematical and Computer Modelling, Inc., became an active not-for-profit corporation.

Petitioners filed a joint Federal tax return (return), Form 1040, for each of the years at issue on the date indicated:

| Form 1040 | Filing Date |
|---|---|
| 1991 | April 14, 1995 |
| 1992 | April 17, 1996 |
| 1993 | November 4, 1996 |
| 1994 | November 22, 1996 |
| 1995 | December 3, 1996 |

Petitioners included a Schedule C, Profit or Loss From Business (Schedule C), with each of their 1991 and 1992 returns. Petitioners did not include a Schedule C with any of their returns

for 1993, 1994, and 1995. In Schedule C of their return for each of the years 1991 and 1992, petitioners indicated that their principal business or profession was consulting service, continuing education, and publishing. They further indicated in each such Schedule that the name of their business was IAMCM and that the employer identification number (EIN) for that business was 43-1577193.

Petitioners included a Schedule E, Supplemental Income and Loss (Schedule E), with each of their 1993, 1994, and 1995 returns. In part II, Income or Loss From Partnerships and S Corporations, of each of those Schedules, petitioners claimed, inter alia, that they had a loss from an S corporation. They identified that corporation as IAMCM in part II of Schedules E of their 1993 and 1994 returns and as IAMCM/PRINCIPIA in part II of Schedule E of their 1995 return. Petitioners further indicated in those Schedules E that the EIN of that claimed S corporation was 43-1577193, the same EIN of the business called IAMCM that they identified in Schedules C of their 1991 and 1992 returns.

During the examination in late 1996 by the Internal Revenue Service (Service) of petitioners' years at issue, the Service's examining agent (agent) requested copies of Forms 1120S for IAMCM. The agent renewed his request in January 1997.

In February and March 1997, petitioners prepared and mailed to the agent a Form 1120S, U.S. Income Tax Return for an S Corpo-

ration (Form 1120S), for IAMCM/PRINCIPIA for 1991 and Forms 1120S for IAMCM for 1993 and 1994. The EIN shown in each of those Forms 1120S was 43-1577193. Petitioners did not prepare or file Forms 1120S for IAMCM/PRINCIPIA or IAMCM for 1992 or 1995.

In April 1997, the agent advised petitioners about the rules that require the filing of an election on Form 2553, Election by a Small Business Corporation (Form 2553), in order for a small business corporation to be treated as an S corporation. No Form 2553 has been filed with respondent on behalf of IAMCM, IAMCM/ PRINCIPIA, or International Academy of Mathematical and Computer Modelling, Inc.

In the notice, respondent determined, inter alia, to disallow the S corporation losses claimed in Schedules E of petitioners' 1993, 1994, and 1995 returns because "The election to be treated as an S corporation (small business corporation) was determined to be invalid."

## Discussion

Petitioners used the same EIN for International Academy of Mathematical and Computer Modelling, Inc., IAMCM, and IAMCM/ PRINCIPIA. Thus, we conclude that those different names refer to the same corporation. For convenience, we shall hereinafter refer to that corporation as IAMCM.

Petitioners concede that IAMCM never filed Form 2553 with respondent. The record does not disclose that IAMCM otherwise

attempted to make an election to be treated as an S corporation. Nonetheless, petitioners argue that IAMCM should now be permitted to make an S corporation election and that that election should be retroactive to 1993, 1994, and 1995. Respondent disagrees.

A small business corporation generally may elect to be an S corporation. See sec. 1362(a). Assuming arguendo, without deciding, that IAMCM qualifies as a small business corporation as defined in section 1361(b), it generally may make an election under section 1362(a) to be an S corporation for any taxable year at any time during the preceding taxable year or at any time during the taxable year and on or before the 15th day of the third month of the taxable year.[3] See sec. 1362(b)(1).

On the record before us, we find that IAMCM did not make a timely and valid election to be treated as an S corporation for any of the years 1993, 1994, and 1995 (or for either of the remaining years at issue, 1991 and 1992).[4] On that record, we

---

[3]If a small business corporation makes an election under sec. 1362(a) for any taxable year and that election is made after the 15th day of the third month of the taxable year and on or before the 15th day of the third month of the following taxable year, such an election shall be treated as made for the following taxable year. See sec. 1362(b)(3).

[4]The record is devoid of evidence explaining why IAMCM did not file Form 2553 with respondent within the time prescribed by sec. 1362(b). At trial, Mr. Avula testified that, when the agent informed him in April 1997 about the rules requiring a small business corporation to file Form 2553 in order for it to be treated as an S corporation, no such form was filed "for ethical reasons".

sustain respondent's determinations to disallow the S corporation losses claimed by petitioners for 1993, 1994, and 1995.[5]

To reflect the foregoing and the concessions of petitioners,

<u>An appropriate order dismissing this case for lack of jurisdiction as to the additions to tax determined under section 6654(a) and decision for respondent will be entered</u>.

---

[5]We have considered all of the contentions and arguments of petitioners that are not discussed herein, and we find them to be without merit and/or irrelevant.